**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**KIOOMARS MOOSAZADEH and**
**KATAYOUN MOOSAZADEH,**

                      **Plaintiffs,**

               -against-

**CREAM-O-LAND DAIRY, INC., et al.,**

                      **Defendants.**
-------------------------------------------------------------x

**MEMORANDUM**
**AND ORDER**

**13-CV-6069 (RLM)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Plaintiff Kioomars Moosazadeh ("plaintiff"), along with his wife, Katayoun Moosazadeh, commenced the instant action in this Court against defendants Cream-O-Land Dairy, Inc. and Nelson A. Miro (collectively, "defendants") on the basis of diversity jurisdiction. Currently pending before this Court, following the parties' agreement to submit the matter to binding arbitration, are plaintiff's challenge to the arbitration panel's allegedly "palpably biased" decision and award (hereinafter the "Arbitration Award" or "Award"), see First Motion for Hearing (Oct. 14, 2014) ("Pl. Motion"), Electronic Case Filing Docket Entry ("DE") #29,[1] and defendants' opposition thereto and cross-motion to confirm the Arbitration Award. See Letter Motion for Judgment (Oct. 15, 2014) ("Def. Cross-Motion"), DE #30.[2] For the reasons that follow, defendants' cross-motion to confirm the Arbitration Award is

---

[1] A copy of the Arbitration Award is attached as an exhibit to Plaintiff's Motion. See Pl. Motion, DE #29 at 3-6. Subsequent citations to the factual findings accompanying the Award will utilize the internal pagination system of the decision itself. Citations to other exhibits attached to the parties' submissions will likewise reference the internal pagination system.

[2] A duplicate copy of defendants' submission was docketed into ECF. See Reply in Opposition (Oct. 15, 2014), DE #31.

granted and plaintiff's motion to vacate the Award and for a hearing is denied.

## **PROCEDURAL HISTORY**

Plaintiff and his wife commenced this action on November 1, 2013, alleging that on March 20, 2013, plaintiff, a physician, was seriously injured in a traffic accident caused by defendants' negligence. See generally Complaint (Nov. 1, 2013), DE #1.[3] Early in the proceedings, both sides consented to have the matter handled by a magistrate judge for all purposes, see 28 U.S.C. § 636; Consent (Jan. 23, 2014), DE #11, and, following pretrial discovery, when the parties failed to reach agreement to settle the case, this Court scheduled the case for trial, to commence on October 20, 2014. See Minute Entry (July 8, 2014), DE #17.

In lieu of proceeding to trial, the parties advised the Court that they had opted to submit the matter to binding arbitration before National Arbitration and Mediation ("NAM"). See Second Motion for Extension of Time (Aug. 18, 2014), DE #21. The NAM Dispute Resolution Agreement ("NAM Agreement") executed by both sides expressly provided that the parties would be bound by the decision of the hearing panel, subject to agreed-upon high-low limitations of $500,000 and $50,000, and that "either party is free to confirm the award pursuant to [section] 7502" of New York's Civil Practice Law and Rules ("CPLR"). NAM Agreement at 1, 2, DE #30 at 5-7.

An arbitration hearing on the issue of damages was held before a panel of three arbitrators (the "Panel") on September 24, 2014. See Letter (Sept. 25, 2014), DE #28. It is

---

[3] Mrs. Moosazadeh's loss of consortium claim was withdrawn at the arbitration hearing. See Def. Cross-Motion at 2.

-2-

uncontested that at the hearing, plaintiff called a single witness (himself) and no treating physicians or other experts. See Def. Cross-Motion at 2. Following the issuance of the Panel's decision awarding plaintiff $75,000 in damages, plaintiff's counsel wrote to the Court and advised that his client was refusing to execute the general release and stipulation of discontinuance and instead was demanding that his attorney file a two-paragraph letter-motion, authored and signed by plaintiff, charging that the Panel's Arbitration Award "is palpably biased and against the weight of submitted medical reports of my treating physicians, documents and my testimony before the designated arbitrators." Pl. Motion. In that two-paragraph letter, and in an Affidavit thereafter filed by plaintiff in reply to defendants' cross-motion, plaintiff requests that the Court conduct a "hearing . . . in open court[,]" id., "nullify the [A]rbitration [A]ward," and "restore this matter to the trial calendar," Affidavit in Support (Oct. 24, 2014) ("Pl. Aff.") at 3, DE #34 at 4.

Defendants have opposed plaintiff's motion and cross-moved for confirmation of the Arbitration Award pursuant to CPLR § 7510. See Def. Cross-Motion at 1. Among other things, defendants note that, as per the NAM Agreement, each side selected one of the three arbitrators and that those two arbitrators in turn selected the third member of the panel. See id. at 2. Citing public policy encouraging the use of binding arbitration, and judicial deference to arbitrators' determinations, see id. at 3, defendants contend that "this is simply a case of 'sour grapes'" on plaintiff's part, id. at 2, and that plaintiff has established none of the grounds for vacating an arbitration award. See id. at 2-4.

Subsequent to the filing of defendants' cross-motion, plaintiff's counsel communicated his client's request that the Court consider plaintiff's affidavit in support of plaintiff's

application for "a nullification of the [A]rbitration [A]ward . . . ." Letter (Oct. 24, 2014), DE #34. In that affidavit, plaintiff takes issue with the Panel's credibility findings; in particular, he argues that the Panel erred in relying on the findings of defendants' medical experts and in concluding that, despite plaintiff's claims of ongoing physical limitations, the injury he sustained was non-permanent in nature. See Pl. Aff. at 1-3.

In their response to the arguments in plaintiff's affidavit, defendants cite caselaw for the following propositions: that "partiality cannot be demonstrated simply on the basis of the inadequacy of an award," see Reply in Opposition (Oct. 31, 2014) ("Def. Reply") at 2, DE #36, and that an arbitration award "cannot be set aside for mere errors of judgment, either as to the law or as to the facts," id. at 3. Plaintiff has proffered no caselaw to the contrary.

## **DISCUSSION**[4]

As defendants correctly note, see Def. Cross-Motion at 1, since the NAM Agreement provides for confirmation of the resulting arbitration award under New York's CPLR, see NAM Agreement at 1, the parties' cross-motions are governed by New York law: "When, as here, a retainer contract specifies that any appeal from an arbitration award is to be governed exclusively by New York state law, the designation must be honored by the courts unless the state law conflicts with federal law." Cnty. of Nassau v. Chase, 402 F.App'x 540, 541 (2d

---

[4] As a preliminary matter, this Court notes that even where a civil action has been discontinued while the parties voluntarily proceed to binding arbitration, a motion to confirm or vacate the resulting arbitration award may be addressed to the court that originally presided over the case. See generally Nat'l Union Fire Ins. Co. v. Excel Staffing Servs. Inc., No. 08 Civ. 7249(SAS), 2009 WL 1706575, at *1 & n.1 (S.D.N.Y. June 17, 2009) (court reopens case and confirms award); N.Y. Fragrance Inc. v. Union Sales Inc., Nos. 04-CV-5469 (CPS)(MDG), 08-CV-1357 (CPS)(MDG), 2008 WL 2945999, at *1 (E.D.N.Y. July 25, 2008) (same).

Cir. 2010) (collecting cases). The pending dispute poses no such conflict. See generally id. at 542 ("New York law accords with the policies of the FAA [Federal Arbitration Act] (in favor of binding arbitration) . . . ."); see also N.Y. Fragrance, 2008 WL 2945999, at *3 (noting that "the outcome is the same under both the FAA and New York law . . . ."). Consequently, the Court must confirm the Arbitration Award "unless the award is vacated or modified upon a ground specified in [CPLR] section 7511." CPLR § 7510. As discussed below, the fact that plaintiff is disappointed in the outcome of the arbitration hearing is not a legally cognizable basis for vacating the Arbitration Award.[5]

Inasmuch as "New York law favors arbitration as a method of dispute resolution[,]" courts are empowered to vacate arbitration awards under CPLR § 7511(b) "on only three narrow grounds: if [the award] is clearly violative of a strong public policy, if it is totally or completely irrational, or if it manifestly exceeds a specific, enumerated limitation on the arbitrators' power." N.Y. Fragrance, 2008 WL 2945999, at *4 (internal quotation marks and citations omitted); see Cnty. of Nassau, 402 F.App'x at 542. The party seeking to vacate an arbitration award thus bears the burden of proving that the award falls within one of the very narrow circumstances under which vacatur is warranted. See N.Y. Fragrance, 2008 WL 2945999, at *4. Significantly, "[e]rrors of law or fact are insufficient to warrant the vacatur of an award." Id.; see Cnty. of Nassau, 402 F.App'x at 542 ("Misapplication of law and errors of fact are insufficient to overturn an award.").

---

[5] Because plaintiff has asked that the Court "nullify" the award and set the matter down for trial, see Pl. Aff. at 3, it appears that he is not seeking to modify the award. In any event, none of the allowable grounds for modification, as set forth in subsection (c) of CPLR § 7511, is applicable here.

Judged by these standards, plaintiff's challenge to the Arbitration Award is plainly unavailing. The Award violates no "strong public policy," and the arbitrators did not exceed any enumerated limitation on their power.[6] Nor can the Panel's decision be viewed as "completely irrational." While "there is no general requirement that arbitrators explain the reasons for their award[,]" N.Y. Fragrance, 2008 WL 2945999, at *6 (internal citation and quotation marks omitted), the arbitrators in this case issued a three-page single-spaced recitation of the evidence at trial and their factual findings. See Arbitration Award. Having considered the competing medical evidence adduced at the hearing, as well as plaintiff's testimony, the Panel concluded that the injury suffered by plaintiff was "of a non-permanent nature" and that "he is not disabled from working or from activities of daily living." Arbitration Award at 3; see also id. at 2 (noting that plaintiff "did not submit his tax returns" to substantiate his claim for lost earnings). Faced with these adverse findings, plaintiff assails the Panel's conclusions as "against the weight" of the evidence, Pl. Aff. at 1, 3; see Pl. Motion, and takes umbrage at the Award's implication that plaintiff "embellish[ed his] medical condition and physical disabilities," Pl. Aff. at 1. The Court does not, however, sit as an overseer of the arbitrators' determinations. The Panel clearly acted rationally in rejecting plaintiff's self-serving testimony and in crediting the opinions of the defense medical experts. Plaintiff thus states no legal basis for upsetting the factual findings underlying the Arbitration Award.

Equally makeweight is plaintiff's conclusory claim that the Panel "was unfairly biased

---

[6] The award falls with the high-low limitations previously agreed upon by the parties. See NAM Agreement at 1, 2 (discussed *supra* p. 2).

in rendering their decision . . . ." Pl. Aff. at 1; see Pl. Motion (charging that the Award was "palpably biased"). To be sure, "[u]nder New York state law a sufficient showing of partiality can justify overturning an arbitration award." Cnty. of Nassau, 402 F.App'x at 542 (citing CPLR § 7511(b)(ii)). Here, however, plaintiff provides no evidence of bias on the part of any arbitrator. Significantly, it is undisputed that, in accordance with the procedure agreed upon by the parties, plaintiff selected one of the three arbitrators (Susan Hernandez, formerly the court mediator for the Supreme Court, Bronx County); defendants selected another arbitrator (William Thompson, a retired Justice of the Appellate Division, Second Department); and those two arbitrators selected Elizabeth Bonina, a retired Justice of the Supreme Court, Kings County, who also happened to be on plaintiff's approved list. See Def. Cross-Motion at 2. That plaintiff at no time complained about the partiality of any of these distinguished arbitrators until they rendered their Award further demonstrates the baselessness of plaintiff's challenge. See Provenzano v. Motor Vehicle Accident Indemnification Corp., 279 N.Y.S.2d 973, 974 (1st Dep't 1967). "The mere suggestion of partiality is not sufficient to warrant interference with the arbitrator's award, and adequacy of an award is not reviewable." Id. (citations omitted). Simply put, here, as in County of Nassau, plaintiff provides no evidence of any actual partiality or improper motive; instead, plaintiff merely assumes that "because the arbitrators made factual findings adverse to [plaintiff], the arbitrators must have been harboring secret bias against [him]. This assertion begs the question of partiality." Cnty. of Nassau, 402 F.App'x at 542-53.

In short, plaintiff has made no showing that would warrant vacating the Arbitration

Award. Plaintiff's motion to vacate is therefore denied and defendants' cross-motion to confirm the Award is granted.

## CONCLUSION

For the foregoing reasons, the Court denies plaintiff's motion to vacate the Arbitration Award and grants defendants' cross-motion to confirm the Award.

The Clerk is respectfully requested to docket this Memorandum and Order into the ECF court file, to enter judgment consistent with this opinion, and to close the case.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**March 11, 2015**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**